# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| KENNETH LAMONT GALLOWAY-BEY,  )<br>  )<br>    Petitioner,  )<br>  )<br>v.  )<br>  )<br>STATE OF TENNESSEE,  )<br>  )<br>    Respondent.  ) | Case No. 1:18-cv-00304<br>REEVES/STEGER |

## MEMORANDUM OPINION

This case is before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 2] filed pro se by Kenneth Lamont Galloway-Bey ("Petitioner"). Upon initial review of the petition, the Court found that Petitioner failed to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases in the United States District Court ("Habeas Rules"). That rule requires that a habeas petition must specify all grounds for relief, state the facts supporting each ground and state the relief requested. In addition, Petitioner named the wrong defendant under Habeas Rule 2(b). Nevertheless, the Court granted Petitioner thirty days to file an amended petition to remedy the deficiencies in the original petition [Doc. 6 p. 2]. Petitioner was warned that if he failed to timely comply with the deficiency order this case would be dismissed for want of prosecution and/or failure to comply with Court orders and the Habeas Rules [*Id.*]. The Court's deficiency order was entered on February 6, 2019, and the docket reflects that a copy of the order and a standard § 2254 form were mailed to Petitioner on that date to the Hamilton County Jail [Doc. 6]. There is no indication that those documents were returned as undeliverable or that Petitioner did not receive them.

Petitioner did not file an amended petition within the time allotted. As a result, on March 15, 2019, the Court ordered Petitioner to show cause, in writing, within fifteen days why his case should not be dismissed for want of prosecution and for failure to comply with the court's previous order [Doc. 7]. Petitioner again was warned that if he failed to timely comply with the show cause order, this action would be dismissed with prejudice [*Id.*]. That order too was sent to Petitioner at Hamilton County Jail but was returned as undeliverable [Doc. 8]. Plaintiff has not provided the Court with an updated address as required under Local Rule 83.13.

More than fifteen days now have passed and Plaintiff has not responded to the show cause order or communicated with the Court in any way. Nor has he filed an amended § 2254 petition. Rule 4 of the Habeas Rules directs that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition . . . ." Here, Petitioner's § 2254 petition fails to state any ground for relief, fails to state any facts supporting relief or state the relief requested, and names an improper defendant, all in violation of Habeas Rules 2(b) and (c). Petitioner has been provided two opportunities to amend his petition to comply with those Rules but he has not filed an amended petition curing the identified deficiencies and has failed to respond in any way to the Court's orders.

Since it plainly appears from the unamended petition before the Court that Petitioner is not entitled to § 2254 relief, the petition [Doc. 2] will be summarily **DISMISSED with prejudice** pursuant to Rule 4 of the Habeas Rules. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (Rule 4 of the Habeas Rules "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'") (citation omitted).

The Court also must consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2254 case only if she is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Here, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right as jurists of reason would not debate the Court's finding that it plainly appears from the petition that Petitioner is not entitled to § 2254 relief. Accordingly, a COA **SHALL NOT ISSUE**.

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Pamela L. Reeves*
**PAMELA L. REEVES**
**CHIEF UNITED STATES DISTRICT JUDGE**